IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**MAXIMINO SANTIAGO**, **JULIANA VALENCIA**, **PAULINO CANDIDO**, **VIDAL GONZALES**, *and* **MANUAL NIEVEZ**, *individuals*,

        Plaintiffs,

v.

**FARM WEST LABOR CONTRACTING CO.**, *an Oregon domestic business corporation*, **RAINBOW ORCHARDS VIII, LLC**, *an Oregon limited liability company*, *and* **WILLAMETTE VALLEY AG SERVICES, LLC**, *an Oregon limited liability company*,

        Defendants.
_____

Case No. 6:21-cv-1282-MC

OPINION AND ORDER

MCSHANE, Judge:

      Plaintiffs Maximino Santiago, Juliana Valencia, Paulino Candido, Vidal Gonzalez, and Manuel Nievez bring this action against Farm West Labor Contracting Co., Rainbow Orchards VIII, and Willamette Valley Ag Services, LLC (collectively "Defendants"). Pls.' First Am. Compl. ¶ 1, ECF No. 21, ("FAC"). Plaintiffs bring claims under the Migrant and Seasonal Worker Protection Act ("AWPA") and various state laws. *Id.* ¶¶ 1–4. Willamette Valley Ag moves to dismiss Plaintiffs' First, Third, Fourth, Sixth, and Seventh Claims for failure to state a claim upon which relief may be granted. Def.'s Mot. to Dismiss 2, ECF No. 36. Plaintiffs also seek leave to file a Second Amended Complaint. Pls.' Mot. Amend, ECF No. 41. For the

following reasons, Willamette Valley Ag's Motion to Dismiss (ECF No. 36) is DENIED and Plaintiffs' Motion for Leave to Amend (ECF No. 41) is GRANTED.

## BACKGROUND

Plaintiffs were hired to work on a hazelnut farm from August 11, 2020, through November 2020. FAC ¶¶ 27, 40. When Plaintiffs arrived on August 11, 2020, they were greeted by Raul Palominos Alvarez ("Mr. Palominos Alvarez") who "introduced himself as the farmer's foreman." *Id.* ¶ 34. Mr. Palominos Alvarez "supervised Plaintiffs' work and held the authority to take corrective action against them." *Id.* ¶ 38.

While working outside in the heat, Plaintiffs asked Mr. Palominos Alvarez for water. *Id.* ¶¶ 41, 43. Mr. Palominos Alvarez initially dismissed these requests, but he later provided Plaintiffs with water. *Id.* ¶¶ 44, 46. Each day, the water Mr. Palominos Alvarez provided was non-potable and Plaintiffs had to share cups to drink it. *Id.* ¶¶ 46–48. Mr. Palominos Alvarez occasionally "offered to sell Plaintiffs juice, beer, or water." *Id.* ¶ 49. Around 3 p.m. on August 13, 2020, just two days into their employment, Mr. Palominos Alvarez told Plaintiffs "that there was no more work for them and that they should contact Farm West for their checks." *Id.* ¶ 54. Plaintiffs received their checks on August 28, 2020. *Id.* ¶ 55.

On August 30, 2021, Plaintiffs filed a Complaint against Rainbow Orchards and Farm West. Pls.' Compl., ECF No. 1. At that time, Plaintiffs "did not believe [they] had sufficient grounds to name Willamette Valley Ag Services as a defendant,[1] because [Plaintiffs] did not

---

[1] Two months after Plaintiff's employment terminated, Plaintiffs' counsel notified Willamette Valley Ag of the potential for litigation by sending a letter which stated that Willamette Valley Ag and two other companies "were most likely in use or possession of the land during the time frame that [Plaintiffs] were employed," Ledesma Decl., Ex. 1, ECF No. 44. Willamette Valley Ag did not respond to this letter. Ledesma Decl. ¶ 4.

know that [Mr. Palominos Alvarez] was its employee, or that it was at all involved with the farm operations of the farm during the time period [Plaintiffs] were employed." Ledesma Decl. ¶ 5.

On July 1, 2022, Rainbow Orchards informed Plaintiffs that Mr. Palominos Alvarez "was an employee of Willamette Valley Ag Services, not Rainbow Orchards." *Id.* ¶ 7. The following month, Plaintiffs amended their Complaint to include Willamette Valley Ag as a defendant. FAC ¶ 1. In their First Amended Complaint, Plaintiffs allege that Defendants violated AWPA, 29 U.S.C. §§ 1832(a), (c), 1855(a), the Oregon Contractor Registration Act ("OCRA"), Or. Rev. Stat. § 658.440(1)(f)–(g), the Oregon Safe Employment Act ("OSEA"), Or. Rev. Stat. § 654.010, and Oregon whistleblower protection statutes, Or. Rev. Stat. § 659A.199. FAC ¶¶ 1–4, 100. On December 19, 2022, Defendant Willamette Valley Ag filed the present Motion to Dismiss Plaintiffs' First Amended Complaint. Def.'s Mot. to Dismiss 2. On January 17, 2023, without waiting for the Court's response, Plaintiffs moved for leave to file a Second Amended Complaint. Pls.' Mot. Amend 2. The Court will address each Motion in turn.

## **STANDARDS**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow a court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678. When considering a motion to dismiss, a court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-moving party, *Burget v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000), but it is "not bound to accept as true a legal conclusion couched as a factual

allegation." *Twombly*, 550 U.S. at 555. If a complaint is dismissed, the court must grant the plaintiff leave to amend unless it "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

After a responsive pleading is served, plaintiffs must request leave of the court to further amend a complaint. Fed. R. Civ. P. 15(a)(2). District courts have significant discretion when considering leave to amend, but courts usually grant such leave liberally "when justice so requires." *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185–86 (9th Cir. 1987). However, five factors— undue delay, prejudice to the defendant, bad faith, futility, and previous amendment—limit that liberality. *Ascon Props., Inc.*, 866 F.2d at 1160. The factors weigh differently, with undue prejudice to the opposing party carrying the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## DISCUSSION

### I. Motion to Dismiss

#### A. Plaintiffs' First, Sixth, and Seventh Claims

Willamette Valley Ag moves to dismiss Plaintiffs' First, Sixth, and Seventh Claims as time-barred. Def.'s Mot. to Dismiss 6, 10, 12.

In their First Claim for relief, Plaintiffs allege multiple violations of AWPA, a federal statute. FAC ¶ 65. Since AWPA does not have its own limitations provision, district courts apply the statute of limitations of the most analogous state statute. *See Rivera v. Anaya*, 726 F.2d 564, 567 (9th Cir. 1984). To determine which state statute is most analogous, "the court should look to the facts and legal theories presented in the case before it, characterize the essence of the claim

in the pending case, and borrow the limitations period of the state statute that provides the most closely analogous cause of action." *Barajas v. Bermudez*, 43 F.3d 1251, 1255 (9th Cir. 1994).

Willamette Valley Ag contends that the most analogous state statutes are Oregon's whistleblower discrimination and retaliation laws, which have a one-year statute of limitations. Def.'s Mot. to Dismiss 7. Plaintiffs argue that Oregon's statute of limitations for contract claims, actions for penalty or forfeiture, or claims under Oregon's labor contractor scheme—all of which are greater than one year—should apply. Pls.' Resp. 6, ECF No. 43.

Plaintiffs filed their original Complaint on August 30, 2021, just over one year after the alleged violations occurred. Pls.' Compl. Even if the one-year statute of limitations applies, however, Plaintiffs' AWPA claims are timely because Governor Brown enacted Oregon House Bill 4212 ("H.B. 4212"), which extended the deadline to commence civil actions during the COVID-19 emergency period. H.B. 4212, 80th Leg., 1st Spec. Sess. (Or. 2020).

H.B. 4212 was passed in June of 2020 "to protect Oregonians from the effects of the COVID-19 pandemic." *Id.* Section 7 provided:

> If the expiration of the time to commence an action or give notice of a claim falls within the time in which any declaration of a state of emergency issued by the Governor related to COVID-19, and any extension of the declaration, is in effect, or within 90 days after the declaration and any extension is no longer in effect, the expiration of the time to commence the action or give notice of the claim is extended to a date 90 days after the declaration and any extension is no longer in effect.

*Id.* § 7(1). This provision was automatically repealed on December 31, 2021. *Id.* § 8(1). Courts have agreed that "December 31, 2021 was the ultimate deadline to file claims that received extensions under Section 7." *Milligan v. C.R. Bard, Inc.*, No. 3:22-CV-00448-HZ, 2022 WL 16552307, at *4 (D. Or. Oct. 26, 2022), *appeal dismissed,* No. 22-35973, 2023 WL 2137543 (9th

Cir. Jan. 23, 2023). Since Plaintiffs filed their Complaint while H.B. 4212 was still in effect, their AWPA claims (I and II) are timely.

In their Sixth and Seventh Claims, Plaintiffs allege violations of OSEA and Oregon whistleblower protection statutes against all Defendants. FAC ¶¶ 100, 106. Willamette Valley Ag argues that these claims are also barred by a one-year statute of limitations. Def.'s Mot. to Dismiss 11–12. For the same reasons described above, these claims are timely.

Finally, Willamette Valley Ag argues that Plaintiffs' First, Sixth, and Seventh Claims are untimely because Plaintiffs did not name Willamette Valley Ag as a defendant until August 9, 2022, almost two years after Plaintiffs worked at the farm. *Id.* at 8, 12. Because the First Amended Complaint relates back to the date of the original Complaint, this argument fails.

Fed. R. Civ. P. 15(c) governs relation back. When "the limitations period derives from state law, Rule 15(c)(1) requires us to consider both federal and state law and employ whichever affords the 'more permissive' relation back standard." *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1201 (9th Cir. 2014) (citation omitted).

To add a new party under Rule 15(c),

(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone v. Fortune*, 477 U.S. 21, 29 (1986).

These elements are met here. First, Plaintiffs' claims against Willamette Valley Ag arise out of Defendants' alleged mistreatment of Plaintiffs in August 2020. This is the same conduct set forth in Plaintiffs' original Complaint. Pls.' Compl. ¶¶ 20–58. Second, Plaintiffs' counsel sent a letter to Willamette Valley Ag in October 2020 stating:

> The information I reviewed lists your company and two others that were most likely in use or possession of the land during the time frame that my clients were employed. Please contact me immediately to provide information to dispel your company's liability, if not you run the risk of being a named in a complaint.

Ledesma Decl., Ex. 1. This letter was enough to notify Willamette Valley Ag of the potential suit. The third requirement "depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 541 (2010). That Plaintiffs knew Willamette Valley Ag was one of three companies that might be liable is irrelevant. Rather, Willamette Valley Ag's receipt of the letter—which it does not dispute—demonstrates that it knew or should have known that, but for Plaintiffs' mistake, it would have been named in the original Complaint. Finally, the limitation period prescribed in Fed. R. Civ. P. 4(m) "is ordinarily 120 days from when the complaint is filed." *Id.* at 545. Since Plaintiffs sent their letter to Willamette Valley Ag on October 30, 2020, long before this period expired, the fourth requirement is satisfied.

Since Rule 15(c) allows relation back in this case, the Court need not additionally analyze relation back under Oregon law. Accordingly, Plaintiffs' First, Sixth, and Seventh Claims are timely.

### B. Plaintiffs' Third Claim

Plaintiffs' Third Claim alleges that Farm West violated several provisions of OCRA, Or. Rev. Stat. § 658.440. FAC ¶¶ 86–91. Willamette Valley Ag moves to dismiss this claim "because Plaintiffs failed to exhaust their administrative remedies; namely, filing a complaint with the [Bureau of Labor and Industries] Commissioner." Def.'s Mot. to Dismiss 8.

Oregon law states, "[a]fter filing a complaint with the commissioner, in addition to any other penalty provided by law, a worker has a right of action against a labor contractor who violates [Or. Rev. Stat. § 658.440] without exhausting any alternative administrative remedies."

7 – OPINION AND ORDER

Or. Rev. Stat. § 658.453(4). Plaintiffs argue that "filing a complaint with the commissioner" merely requires notifying the commissioner of their Complaint. Pls.' Resp. 2. Accordingly, Plaintiffs sent a letter to the Commissioner with a copy of their First Amended Complaint in November 2022. Ledesma Decl., Ex. 5. Willamette Valley Ag argues that this letter only provides "mere notice" to the Commissioner and is insufficient to "file a complaint" under ORS § 658.453(4). Def.'s Reply 10.

In interpreting the meaning of an Oregon statute, the court first looks to the text and context of the statute. *State v. Gaines*, 206 P.3d 1042, 1050 (Or. 2009). Next, the court considers the legislative history. *Id.* Finally, "[i]f the legislature's intent remains unclear," the court may resort to the general maxims of statutory construction. *Id.* at 1051. The statute here requires workers to "fil[e] a complaint with the commissioner." Or. Rev. Stat. § 658.453(4). Since this language and its context do not indicate what a complaint must include, the Court turns to the legislative history.

In 1981, members of the Subcommittee on S.B. 321 and S.B. 322 of the Senate Labor Committee met to work out the language of section 658.453(4). Pls.' Suppl. Legislative History 2, ECF No. 53. Subcommittee members explained that the language, "[a]fter filing a complaint with the commissioner," means that the commissioner needs "a copy of the complaint." *Id.* at 4. The chairman clarified that this "doesn't mean that the commissioner has to process the complaint or . . . [i]ntervene or anything, just that they are going to have notice." *Id.* Another representative explained that this requirement was to provide the commissioner with "the opportunity . . . to apply the administrative rule and solve the problem if they have the time and have the personnel." *Id.* This discussion suggests that a worker who sends the commissioner a copy of their complaint in a civil action satisfies section 658.453(4).

8 – OPINION AND ORDER

Since the legislature's intent is clear, the inquiry stops here. Accordingly, Plaintiffs "fil[ed] a complaint with the commissioner" under section 658.453(4) when they sent a copy of their First Amended Complaint to the Commissioner. Ledesma Decl., Ex. 5. That Plaintiffs did so after filing their court complaint is inconsequential. Oregon's administrative rules specifically address the timing of this requirement:

> The complaint that is filed with the commissioner should be filed prior to the filing in court of a civil complaint pursuant to ORS 658.453(4). *However*, if the complaint filed with the commissioner is not filed prior to the filing of a complaint in court *but is done so before the entry of a final judgment*, it shall be considered to be filed timely for purposes of ORS 658.453(4).

Or. Admin. R. 839-015-0600 (emphasis added). Since Plaintiffs filed a complaint with the Commissioner before the entry of a final judgment in this case, it is timely under section 658.453(4). Accordingly, Plaintiffs' Third Claim survives.

### C. Plaintiffs' Fourth Claim

Plaintiffs also bring an OCRA claim against Willamette Valley Ag. FAC ¶ 93. Plaintiffs' Fourth Claim alleges that Willamette Valley Ag "acted as an unlicensed farm labor contractor . . . without a valid registration with the Bureau of Labor and Industries in violation of O.R.S. § 658.410." *Id.* Plaintiffs seek "actual damages or $2,000, whichever is greater," under Or. Rev. Stat. § 658.475. *Id.* ¶ 94. Willamette Valley Ag moves to dismiss this claim because "[t]he requested relief Plaintiffs seek is not available to them under ORS 658.475." Def.'s Mot. to Dismiss 10.

Or. Rev. Stat. § 658.475 provides:

> The Commissioner of the Bureau of Labor and Industries, or any other person, may bring an action in circuit court to enjoin any person from using the services of an unlicensed labor contractor or to enjoin any person acting as a labor contractor in violation of [ORS 658.410], or rules promulgated pursuant thereto, from committing future violations. The court may award to the prevailing party costs and

disbursements and a reasonable attorney fee. In addition, the amount of damages recoverable from a person acting as a labor contractor who violates ORS 658.410 . . . is actual damages or $2,000, whichever amount is greater.

The Oregon Court of Appeals has clarified that under this statute, a claim for damages is an "additional remedy" that is only available if the plaintiff is also entitled to injunctive relief. *Nw. Reforestation Contractors Ass'n, Inc. v. Summit Forests, Inc.*, 922 P.2d 1240, 1244 (Or. Ct. App. 1996) (internal quotations omitted). The court explained, "[t]he requirement that the contractor be 'acting in violation' of the enumerated statutes or rules is in the present tense. It does not authorize an injunction or damages against a person who has violated the statutes or rules in the past." *Id.* at 1243.

Willamette Valley Ag argues that Plaintiffs fail to allege "that Willamette Valley Ag was acting in violation of ORS 658.410 at the time the First Amended Complaint was filed, nor . . . presently." Def.'s Mot. to Dismiss 10. Willamette Valley Ag further argues that Plaintiffs cannot seek monetary damages "instead of injunctive relief" under the statute. *Id.*; Def.'s Reply 14.

After Willamette Valley Ag moved to dismiss, Plaintiffs moved to file a Second Amended Complaint. Pls.' Mot. Amend 2. In their proposed Second Amended Complaint, Plaintiffs revise their Fourth Claim "to include a specific request for injunctive relief and the factual basis for granting injunctive relief." *Id.* Plaintiffs also add an allegation that "Willamette Valley Ag continues to act as an unlicensed farm labor contractor without a valid registration with the Bureau of Labor and Industries in violation of O.R.S. § 658.410." *Id.*, Ex. A ¶ 100.

Although the Court agrees that Plaintiffs' Fourth Claim is deficient as pled in their First Amended Complaint, this argument is moot in light of Plaintiffs' proposed Second Amended Complaint.

**II. Motion for Leave to Amend**

Plaintiffs seek leave to file a Second Amended Complaint, (1) adding a request for injunctive relief to their Fourth Claim (2) amending the statutory basis for their Fifth Claim, and (3) clarifying that the First Amended Complaint relates back to the date of filing the original Complaint. Pls.' Mot. Amend 2. Willamette Valley Ag argues that the Court should deny Plaintiffs' motion "on the bases of undue delay, dilatory motive, prejudice, futility, and because Plaintiffs have previously amended their complaint once and failed to correct its defects at that time." Def.'s Resp. 2, ECF No. 49. The Court disagrees.

First, the record does not indicate that Plaintiffs delayed or engaged in dilatory tactics. Plaintiffs filed their original Complaint in August 2021. One month after learning that Mr. Palominos Alvarez worked for Willamette Valley Ag, Plaintiffs filed their First Amended Complaint, adding Willamette Valley Ag as a defendant. As described above, the First Amended Complaint relates back to the date of the original Complaint. Less than six months later, Plaintiffs filed this motion. This does not support a finding of undue delay. Second, Willamette Valley Ag has not shown that it would be prejudiced in defending against an amended complaint. Plaintiffs present no new legal theories in their proposed Second Amended Complaint, and the parties have not yet conducted discovery. Pls.' Reply 11, ECF No. 50. Third, Plaintiffs' proposed amendments are not futile. To the contrary, one proposed amendment saves Plaintiffs' Fourth Claim. Plaintiffs' other proposed amendments merely correct minor errors and clarify the pleadings. Finally, while Plaintiffs have previously amended their Complaint, they have not repeatedly failed to cure deficiencies in previous amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Accordingly, the Court will allow Plaintiffs to file their Second Amended Complaint.

## CONCLUSION

Willamette Valley Ag's Motion to Dismiss (ECF No. 36) is DENIED. Plaintiffs' Motion for Leave to Amend (ECF No. 41) is GRANTED.

IT IS SO ORDERED.

DATED this 4th day of May, 2023.

<u>/s/ Michael McShane</u>  
Michael McShane  
United States District Judge