IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MAXIMINO SANTIAGO, JULIANA VALENCIA, PAULINO CANDIDO, and MANUEL NIEVEZ, individuals,<br><br>        Plaintiffs,<br><br>    v.<br><br>FARM WEST LABOR CONTRACTING CO., an Oregon domestic business corporation, RAINBOW ORCHARDS VIII, LLC, an Oregon limited liability company, and WILLAMETTE VALLEY AG SERVICES, LLC, an Oregon limited liability company,<br><br>        Defendants.<br>_____ | Case No. 6:21-cv-01282-MC<br><br>OPINION AND ORDER |

MCSHANE, Judge:

Plaintiffs are seasonal agricultural workers who bring claims against the owner and operators of the farm where they worked in August of 2020. Plaintiffs and Defendant Rainbow Orchards VIII, LLC move for partial summary judgment. For the reasons discussed below, Plaintiffs' Motion for Partial Summary Judgment, ECF No. 88, is GRANTED, and Defendant Rainbow Orchards' Motion for Partial Summary Judgment, ECF No. 101, is DENIED.

**BACKGROUND**

**I.   Undisputed Facts**

Defendant Rainbow Orchards owns a hazelnut farm in Oregon but "has not ever and does not perform any farming activities." Decl. Mike Smith Supp. Def. Rainbow Orchards' Mot. Partial Summ. J. 2, ECF No. 93 ("Smith Decl."). In 2020, Rainbow contracted with Defendant Willamette

Valley Ag Services, LLC ("WVAS") for WVAS to manage Rainbow's farm. *Id.* WVAS operated the day-to-day operations of Rainbow's farm, maintained the property, and "hir[ed] contractors as needed to apply pesticides and trim and harvest crops[.]" Decl. Alex Boon Supp. Pls.' Mot. Partial Summ. J. ("First Boon Decl.") Ex. 5, at 7, ECF No. 89-5. WVAS contracted with Defendant Farm West Labor Contracting Co. to provide laborers for the hazelnut farm, and Farm West hired Plaintiffs to perform that work. *Id.* at Ex. 2, at 1, ECF No. 89-2; Decl. Alex Boon Supp. Pls.' Opp. Def Rainbow Orchards' Mot. Partial Summ. J. ("Second Boon Decl.") Ex. 6, at 2, ECF No. 102-6. Plaintiffs worked on Rainbow's hazelnut farm for three days in August of 2020. First Boon Decl. Ex. 2, at 3; Smith Decl. 3.

## II.     Plaintiffs' Allegations

Plaintiffs allege that neither Farm West nor WVAS "execute[d] a written agreement with the terms and conditions of [their] employment" before they began work. Second Am. Compl. 5, ECF No. 42 ("SAC"). They allege that when they arrived on the farm, WVAS employee Raul Palominos Alvarez introduced himself as the farmer's foreman and "held himself out as the employee of Rainbow Orchards." *Id.* at 5–6. Plaintiffs were scheduled to work ten-and-a-half-hour days outdoors in temperatures between 90 and 100 degrees. *Id.* at 6. Plaintiffs noticed that there was no drinking water available and complained to Mr. Alvarez. *Id.* at 6. Mr. Alvarez "was dismissive" and "appeared annoyed" at Plaintiffs' requests, offered to sell them juice, beer, and water, and eventually brought them murky, unpotable water. *Id.* at 6–7. On their third day of work, Mr. Alvarez pulled aside Plaintiffs, all of whom had complained about the lack of water, and told them there was no more work for them. *Id.* at 8. Plaintiffs allege that they were terminated because of their complaints about the lack of water. *Id.* Plaintiffs further allege that their wages were due on August 13, 2020, but not paid until August 28, 2020. *Id.*

Plaintiffs sued Farm West, WVAS, and Rainbow Orchards, alleging unlawful employment practices under state and federal law. Defendants Farm West and WVAS failed to defend Plaintiffs' claims and the Court granted default judgment against them. Order, ECF No. 12; Order, ECF No. 69. Defendant Rainbow Orchards is the only entity remaining in this litigation.

Plaintiffs allege the following claims for relief against Defendant Rainbow: (1) Violations of the Migrant and Seasonal Worker Protection Act ("AWPA"); (2) Violation of the Oregon Contractor Registration Act ("OCRA"); (3) Violation of the Oregon Safe Employment Act ("OSEA"); and (4) Violation of Oregon's whistleblower protection statute, ORS § 659A.199.

Plaintiffs move for partial summary judgment on their OCRA claim, asking the Court to hold that Rainbow Orchards is jointly and severally liable with WVAS.

Defendant Rainbow Orchards moves for partial summary judgment on Plaintiffs' claims under the AWPA, OSEA, and whistleblower statute, arguing that Rainbow did not have an employment relationship with Plaintiffs and is not liable under those statutes.

## LEGAL STANDARD

On a motion for summary judgment, the moving party bears an initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine" dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting Fed. R. Civ. P. 56(e)). A dispute is considered "genuine" if the "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light

most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006).

## DISCUSSION

### I.    Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs ask the Court to grant partial summary judgment on their OCRA claims and hold that Defendant Rainbow is liable under that statute.

OCRA generally requires labor contractors to have a license issued by Oregon's Bureau of Labor and Industries ("BOLI"), pay wages when due, and provide workers with a written agreement of the terms and conditions of employment before they begin work. ORS § 658.440. Entities that knowingly use the services of an unlicensed labor contractor are subject to joint and several liability for the contractor's OCRA violations. ORS § 658.465.

Here, Rainbow's liability turns on whether it may be held jointly and severally liable for WVAS's OCRA violations. This inquiry looks to whether Rainbow "knowingly use[d] the services of an unlicensed labor contractor[.]" ORS § 658.465. The parties dispute whether WVAS was an unlicensed labor contractor and whether Rainbow knowingly used WVAS's unlicensed services.

#### a.    Whether Plaintiffs May Sue Under OCRA

As an initial matter, Defendant attempts to revive an argument already resolved by the Court by arguing that Plaintiffs are not entitled to recover damages under OCRA because Plaintiffs failed to file a timely BOLI complaint. OCRA provides workers a private right of action "[a]fter filing a complaint with the commissioner [of BOLI]." ORS § 658.453. This Court maintains its earlier holding that Plaintiffs complied with that requirement by sending a letter to the BOLI Commissioner in November of 2022. Op. & Order 7, ECF No. 55.

### b. Whether WVAS Was a Farm Labor Contractor

Next, the Court agrees with Plaintiffs that WVAS was a farm labor contractor to Rainbow under OCRA. OCRA defines a farm labor contractor as "any person that, for an agreed remuneration or rate of pay, recruits, solicits, supplies, or employs workers to perform labor for another person in the production or harvesting of farm products." ORS § 658.405(4)(a)(B). A farm labor contractor may also be any person who "bids or submits prices on contract offers for those activities," or who "[e]nters into a subcontract with another for any of those activities." ORS §§ 658.405(4)(a)(F)–(G).

Defendant attempts to characterize WVAS as "an individual whose hiring of laborers is incidental to its overall operations" and thus exempt from OCRA. But the Act explicitly provides that an operator who subcontracts with another entity for labor qualifies as a labor contractor. ORS § 658.405(4)(a)(G). Although Rainbow claims that it did not have a contract with WVAS and WVAS's contract with Farm West can not qualify as a "subcontract," the Court rejects this argument as one that defies the reality of the parties' relationships. *See* First Boon Decl. Ex. 5, at 5 (Rainbow stating that "Willamette Valley Ag Services, LLC, is a contractor for Defendant Rainbow."). Rainbow indisputably had a "verbal agreement" with WVAS in which WVAS was expected to solicit, pay, and schedule workers to operate Rainbow's farm. Smith Decl. 2. As part of that agreement, Rainbow expected WVAS "to supply whatever labor was necessary to maintain the seasonal activities of the farm," and WVAS, in turn, contracted with Farm West to provide laborers for Rainbow's farm. First Boon Decl. Ex. 1, at 17, ECF No. 89-1; Second Boon Decl. Ex. 3, at 2, ECF No. 102-3. WVAS submitted invoices to Rainbow for that labor, and Rainbow reimbursed WVAS for those costs. First Boon Decl. Ex. 1, at 55–58; Smith Decl. 22. With this evidence before it, the Court has no difficulty concluding that, at minimum, Rainbow and WVAS

5 – Opinion and Order

had an implied-in-fact contract for WVAS to provide laborers for Rainbow's farm, and that WVAS did so by subcontracting with Farm West. *See Larisa's Home Care, LLC v. Nichols-Shields*, 362 Or. 115, 129 n.5 (2017) ("This court has explained that a contract implied in fact can arise 'where the natural and just interpretation of the acts of the parties warrants such conclusion.'") (citation omitted).

Simply put, WVAS's delegation of labor contracts to Farm West does not make WVAS or Rainbow immune to OCRA's protections of agricultural workers. Rather, this scenario appears to be exactly the type envisioned by the legislature when providing for subcontractor liability under OCRA, so WVAS is a farm labor contractor under ORS § 658.405(4)(a).

### c. Whether Defendant Rainbow is Jointly and Severally Liable Under OCRA

Plaintiffs are also correct that Rainbow is jointly and severally liable for WVAS's OCRA violations because WVAS is an unlicensed labor contractor and Rainbow knowingly used WVAS's services.

OCRA requires "the person to whom workers are provided" to examine and "[r]etain a copy" of the labor contractor's license prior to allowing work on any contract or agreement with a labor contractor. ORS § 658.437(2). "Any person who knowingly uses the services of an unlicensed labor contractor shall be personally, jointly and severally liable with the person acting as a labor contractor" under OCRA. ORS § 658.465. Knowing use is found where a person "actually knows that the contractor does not have a license or if the person does not take appropriate steps to determine whether the contractor has such a license." *Mayfly Grp., Inc. v. Ruiz*, 208 Or. App. 219, 226 (2006) (citing OAR 839-015-0605(2)). If an entity allows work to be performed before it examines and retains a copy of the contractor's license, the entity has

6 – Opinion and Order

"knowingly use[d] the services of an unlicensed labor contractor in violation of ORS [§] 658.465[.]" OAR 839-015-0605(2)(b).

Here, Defendant Rainbow did not examine the farm labor contractor license of WVAS before Plaintiffs began working on Defendant's farm. First Boon Decl., Ex. 1, at 27. Accordingly, Defendant knowingly used the services of an unlicensed labor contractor and is subject to joint and several liability under ORS § 658.465.

### d.  Whether WVAS Violated ORS § 658.440(1)(g)

Plaintiffs ask the Court to grant summary judgment as to their claim that WVAS failed to sign a written agreement with the terms and conditions of Plaintiffs' employment before Plaintiffs began work. OCRA requires that a labor contractor such as WVAS "execute a written agreement between the worker and the labor contractor containing the terms and conditions" of employment "prior to the worker performing any work for the labor contractor." ORS § 658.440(1)(g). Plaintiffs are entitled to recover "actual damages or $1,000, whichever amount is greater" for each violation of OCRA. ORS § 658.453.

Defendant does not dispute Plaintiffs' contention that there was no written agreement before Plaintiffs began work. Accordingly, WVAS violated OCRA and Plaintiffs are entitled to recover $1,000 or actual damages for each of those violations. And, as discussed above, Defendant Rainbow Orchards is jointly and severally liable for those damages.

## II.  Defendant's Motion for Partial Summary Judgment

Defendant Rainbow moves for summary judgment on Plaintiffs' claims under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), Oregon Safe Employment Act ("OSEA"), and Oregon's whistleblower protection law.

7 – Opinion and Order

### a.   Plaintiffs' AWPA Claim

Plaintiffs' AWPA claim alleges that Defendants failed to timely pay Plaintiffs' wages, adhere to the working arrangement, and post a notice of rights. SAC 9–11, 13–14. The parties dispute whether Defendant Rainbow is classified as an "agricultural employer" and thus governed by the AWPA.

An agricultural employer is "any person who owns or operates a farm, . . . and who either recruits, solicits, hires, employs, furnishes, or transports any migrant or seasonal agricultural worker." 29 U.S.C. § 1802(2). Employment can include "joint employment," and "employ includes to suffer or permit to work." 29 C.F.R. § 500.20(h)(4)–(5). To determine the existence of a joint employment relationship, courts look to the "economic reality" test under the Fair Labor Standards Act. *Torres-Lopez v. May*, 111 F.3d 633, 639 (9th Cir. 1997). The regulations and case law delineate thirteen factors to consider when deciding whether the purported employer controlled or supervised the work such that it may be held liable for AWPA violations. *See id*. at 639–40; 29 C.F.R. § 500.20(h)(4)(i)–(vi).

To start, Defendant already admitted in response to Plaintiffs' Requests for Admission that it is an agricultural employer under 29 U.S.C. §1802(2), ORS § 654.005(5), and OAR 437-004-0100(1). Second Boon Decl., Ex. 7, at 3, ECF No. 102-7. Defendant now attempts to distinguish that admission by arguing that it never admitted to being an agricultural employer of these Plaintiffs specifically. That argument does not change the fact that, in the context of this litigation and without any qualifying statements, Defendant admitted that it was an agricultural employer under the statutes providing for Plaintiffs' claims.

Defendant's admission aside, the parties dispute various aspects of the economic reality test, including whether Rainbow had control over the workers, their pay, their contract terms;

8 – Opinion and Order

whether Rainbow owned any of the equipment and supplies used in the operation; whether workers performed specialist "piecework" and could profit based on managerial skills; and whether Plaintiffs' work was integral to Rainbow's business. Plaintiffs have put forth evidence that Rainbow had the power to control them, had an ownership interest in equipment and supplies used on the farm, and relied on Plaintiffs to perform an essential step in its operation. *See* Pls.' Resp. Opp. Def.'s Mot. Partial Summ. J. 12–23, ECF No. 101.

Those disputed facts, combined with Defendant's admission that it is an agricultural employer under 29 U.S.C. §1802(2), are enough to foreclose summary judgment on this issue. *See, e.g.*, *Conlon v. U.S.*, 474 F.3d 616, 618 (affirming district court's grant of summary judgment based on nonmovant's Rule 36 admission); *see also 999 v. C.I.T. Corp.*, 776 F.2d 866, 869–70 (9th Cir. 1985) ("Evidence inconsistent with a Rule 36 admission is properly excluded."). Defendant's Motion is DENIED as to Plaintiffs' AWPA claim.

    **b.**    **Plaintiffs' OSEA and Whistleblower Claims**

Plaintiffs' claims under the Oregon Safe Employment Act, ORS § 654.062(5)(a), and Oregon whistleblower protection law, ORS § 659A.199, allege that Defendants unlawfully terminated Plaintiffs for complaining about the lack of potable water on the farm. Rainbow is liable under those statutes if Plaintiffs were "subject to [its] direction and control" or if Rainbow "reserve[ed] the right to control the means by which" Plaintiffs worked. *See* ORS §§ 654.005(4)(a), 659A.001(4)(a). To determine whether Rainbow had "direction and control" or the "right to control" Plaintiffs, Oregon courts look to four factors: "(1) direct evidence of the right to, or the exercise of, control; (2) the method of payment; (3) the furnishing of equipment; and (4) the right to fire." *See, e.g.*, *Cantua v. Creager*, 169 Or. App. 81, 91 (2000); *Or. Country Fair v. Nat'l Council on Comp. Ins.*, 129 Or. App. 73, 78 (1994) (internal quotation marks and citation omitted).

The same evidence and admission that creates genuine disputes of fact on Plaintiffs' AWPA claims does so for these claims, too. Defendant's Motion is DENIED as to Plaintiffs' OSEA and whistleblower claims.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Partial Summary Judgment, ECF No. 88, is GRANTED, and Defendant's Motion for Partial Summary Judgment, ECF No. 92, is DENIED.

IT IS SO ORDERED.

DATED this 9th day of May 2025.

                                           ___s/Michael J. McShane_____
                                                  Michael J. McShane
                                             United States District Judge