IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| MAXIMINO SANTIAGO, JULIANA VALENCIA, PAULINO CANDIDO, and MANUEL NIEVEZ, individuals,<br><br>        Plaintiffs,<br><br>        v.<br><br>FARM WEST LABOR CONTRACTING CO., an Oregon domestic business corporation, RAINBOW ORCHARDS VIII, LLC, an Oregon limited liability company, and WILLAMETTE VALLEY AG SERVICES, LLC, an Oregon limited liability company,<br><br>        Defendants. | Case No. 6:21-cv-01282-MC<br><br>OPINION AND ORDER |

MCSHANE, Judge:

      Plaintiffs Maximino Santiago, Juliana Valencia, Paulino Candido, and Manuel Nievez (collectively, "Plaintiffs") bring this action against Farm West Labor Contracting Co., Rainbow Orchards VIII, LLC, and Willamette Valley Ag Services, LLC (collectively, "Defendants"). 2d Am. Compl., ECF No. 42 ("Operative Complaint"). Plaintiffs bring claims under the Migrant and Seasonal Worker Protection Act ("AWPA") and various state laws. *Id.* ¶¶ 1–4. Plaintiffs move for leave to amend the Operative Complaint to add a defendant. Pls.' Mot. Amend, ECF No. 120 ("Motion") (amending ECF No. 118); Prop. 3d Am. Compl., ECF No. 120-1.

      Following Hearing on October 1, 2025 (ECF No. 127), Plaintiffs' Motion is GRANTED.

1 – OPINION AND ORDER

**BACKGROUND**

I. <u>Procedural History</u>

Plaintiffs began this action on August 30, 2021. Compl., ECF No. 1. The Court set an initial discovery deadline and deadline to add new parties of December 28, 2021. *See* ECF No. 2 at 1. At the Rule 16 conference on February 7, 2022, the Court changed the discovery deadline to July 18, 2022. ECF No. 14. On June 22, 2022, Plaintiffs filed an unopposed motion requesting the discovery deadline be postponed until September 2, 2022. ECF No. 16, 18. On August 9, 2022, Plaintiffs filed an unopposed Motion for Leave to Amend the Complaint seeking to add Willamette Valley Ag Services, LLC ("Willamette Valley Ag") as a defendant. ECF No. 19; 1st Am. Compl., ECF No. 21.

The Court stayed the pretrial deadlines on October 26, 2022, following Plaintiffs' unopposed motion. ECF No. 30. Thereafter, Willamette Valley Ag moved to dismiss Plaintiffs' claims against it. *See* ECF No. 36, 43, 47. Plaintiffs also moved to further amend its pleadings. ECF No. 41; 2d Am. Compl., ECF No. 42. The Court denied Willamette Valley Ag's motion and granted Plaintiffs' motion for leave to amend, making the Second Amended Complaint the Operative Complaint. ECF No. 55.

Upon lifting the stay on August 29, 2023, the Court set a new discovery deadline of February 29, 2024. ECF No. 62. On the date of the discovery deadline, Plaintiffs requested to extend the deadline an additional month until April 1, 2024, which the Court granted. ECF No. 72, 73. On April 1, 2024, Plaintiffs again requested to extend the discovery deadline until May 30, 2024, which the Court also granted. ECF No. 74, 76. Discovery closed on May 30, 2024.

Later, after the September 17, 2024, deadline to file dispositive motions had passed, on October 17, 2024, Plaintiffs sought leave to file a motion for partial summary judgment. ECF

No. 83; *see also* ECF No. 79 ("Dispositive motions were due 9/17/2024, none have been filed."). Rainbow Orchards VIII, LLC ("Rainbow") opposed altering the deadline. ECF No. 85. On November 20, 2024, the Court granted Plaintiffs' request and set a new deadline for any party to file dispositive motions of December 20, 2024. ECF No. 87. Plaintiffs moved for partial summary judgment against Willamette Valley Ag and Rainbow on the same day. ECF No. 88. Rainbow moved for partial summary judgment on December 20, 2024. ECF No. 92. Following an extended briefing schedule, on May 9, 2025, the Court denied Rainbow's motion and granted Plaintiffs' motion, holding Rainbow and Willamette Valley Ag were jointly and severally liable for Willamette Valley Ag's violations of the Oregon Contractor Registration Act. ECF No. 112.

Thereafter, on June 11, 2025, the Court entered a Trial Management Order setting trial to begin on December 8, 2025, and pretrial conference on December 1, 2025. ECF No. 117. The pretrial order is due November 3, 2024, and pretrial documents are due November 10, 2025. *Id.*

## II.     Plaintiffs' Motion

On September 3, 2025, Plaintiff moved to amend the Operative Complaint. Pls.' Mot. Amend. The Proposed Third Amended Complaint adds Setton Pistachio of Terra Bella, Inc. ("Setton") as an additional defendant. *See* Pls.' Mot. Amend 2–3. Plaintiffs' proposed claim against Setton, asserting the doctrine of "piercing the corporate veil," alleges that Setton controlled Rainbow. Prop. 3d Am. Compl. p.21–23 (Eighth Claim). Plaintiffs seek to hold Setton jointly and severally liable for all damages awarded against Rainbow. *Id.* ¶ 186. Plaintiffs support their new claims with allegations that Setton is Rainbow's parent company, that an individual, Mike Smith, ostensibly a Rainbow employee, in reality worked for Setton, and that "Setton Pistachio" was named in invoices from Willamette Valley Ag., rather than Rainbow. *See generally id.* ¶¶ 72–125. In total, Plaintiffs' request to add Setton as a defendant came over

four years since the case was filed—over three years accounting for the stay interlude—and over one year after the discovery deadline, which was delayed multiple times for over four months.

## LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." This strong policy toward permitting the amendment of pleadings, however, must be tempered with considerations of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962). Presence of such factors counsels against granting leave to amend. *See id.* Amendments adding parties are not as freely granted as amendments adding claims. *See Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991).

## DISCUSSION

Although the Court acknowledges the late timing of Plaintiffs' Motion, the Court will allow the amendment consistent with Rule 15(a)'s directive that leave to amend "be freely given when justice so requires." *See Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

Though delayed, the timing of the Motion does not prejudice Rainbow. Piercing the corporate veil is an equitable remedy and thus necessarily won't be tried to a jury at the trial scheduled to begin December 8, 2025. *See XDP, Inc. v. Watumull Props. Corp.*, 2004 WL 1103023, at *15 (D. Or. May 14, 2004) (citing *Amfac Foods, Inc. v. Int'l Sys. & Controls Corp.,* 294 Or. 94, 107–10 (1982); *Salem Tent & Awning Co. v. Schmidt*, 79 Or. App. 475, 481 (1986)). The Court represented at the Hearing that should Rainbow's liability be established at trial, the Court could take up Plaintiffs' equitable claim at a time convenient for the parties as early as

Spring 2026. Accordingly, amendment poses no prejudice to Defendants from delaying trial or adding to the potential issues at trial. *See McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 809 (9th Cir. 1988). It also does not pose an unacceptable risk of prejudice to Setton, whose liability will not be at issue at the trial.

The Court does not find bad faith. Rainbow points to Plaintiffs allegedly using information learned during a confidential mediation session on August 6, 2025, to inform their Motion, but the Court does not understand confidentiality as requiring a party forget or never act upon such information. Defs.' Resp. Amend 10–11; Briggs Decl. ¶ 8. *See generally* Prop. 3d Am. Compl. ¶¶5–10; 110–116. Whether such information could be introduced as evidence in a later proceeding poses a different question and does not speak to bad faith.

## **CONCLUSION**

Plaintiffs' Amended Motion for Leave to File Third Amended Complaint (ECF No. 120) is GRANTED.

In addition, because of the nature of the added claim ("Eighth Claim – Piercing the Corporate Veil"), Plaintiffs' Amended Motion to Bifurcate Trial (ECF No. 121) is also necessarily GRANTED.

Plaintiffs are ordered to file a Third Amended Complaint.

IT IS SO ORDERED.

DATED this 2nd day of October, 2025.

                                            /s/ Michael McShane
                                             Michael McShane
                                     United States District Judge