IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MAXIMINO SANTIAGO, JULIANA VALENCIA, PAULINO CANDIDO, and MANUEL NIEVEZ, individuals, | Case No. 6:21-cv-01282-MC<br><br>ORDER |
| Plaintiffs, | |
| v. | |
| FARM WEST LABOR CONTRACTING CO., an Oregon domestic business corporation, RAINBOW ORCHARDS VIII, LLC, an Oregon limited liability company, WILLAMETTE VALLEY AG SERVICES, LLC, an Oregon limited liability company, and SETTON PISTACHIO OF TERRA BELLA, INC., a foreign business corporation, | |
| Defendants. | |

_____

MCSHANE, Judge:

Plaintiffs Maximino Santiago, Juliana Valencia, Paulino Candido, and Manuel Nievez (collectively, "Plaintiffs") bring this action against Farm West Labor Contracting Co., Rainbow Orchards VIII, LLC, and Willamette Valley Ag Services, LLC. 3d Am. Compl., ECF No. 134. Plaintiffs bring claims under the Migrant and Seasonal Worker Protection Act ("AWPA") and various state laws. *Id.* ¶¶ 1–4. Because Farm West and Willamette Valley Ag are in default, at the trial set to begin on December 8, 2025, Plaintiffs are proceeding only against Rainbow Orchards.

1 – ORDER

ECF No. 150 at 2. The Third Amended Complaint added a claim for piercing the corporate veil against Setton Pistachio of Terra Bella, Inc. *Id.* ¶¶ 184–87.

At a status conference on November 12, 2025, counsel for Setton Pistachio moved to continue the trial. ECF No. 153; Status Conf. Tr. 14:25–16:16. The Court denied the request at the status conference and explains its decision here.

## BACKGROUND

Plaintiffs began this action on August 30, 2021. Compl., ECF No. 1. On August 9, 2022, Plaintiffs filed an unopposed Motion for Leave to Amend the Complaint seeking to add Willamette Valley Ag Services, LLC ("Willamette Valley Ag") as a defendant. ECF No. 19; 1st Am. Compl., ECF No. 21. The Court stayed the pretrial deadlines on October 26, 2022, following Plaintiffs' unopposed motion. ECF No. 30. Thereafter, Willamette Valley Ag moved to dismiss Plaintiffs' claims against it. *See* ECF No. 36, 43, 47. Plaintiffs also moved to further amend its pleadings. ECF No. 41; 2d Am. Compl., ECF No. 42. The Court denied Willamette Valley Ag's motion and granted Plaintiffs' motion for leave to amend, making the Second Amended Complaint the Operative Complaint. ECF No. 55.

Upon lifting the stay on August 29, 2023, the Court set a new discovery deadline of February 29, 2024. ECF No. 62. Following multiple extensions, discovery closed on May 30, 2024. ECF No. 72, 73, 74, 76. Later, Plaintiffs was granted leave to file a motion for partial summary judgment after the deadline for dispositive motions had passed. ECF No. 83. Plaintiffs moved for partial summary judgment against Willamette Valley Ag and Rainbow on the same day. ECF No. 88. Rainbow moved for partial summary judgment on December 20, 2024. ECF No. 92. Following an extended briefing schedule, on May 9, 2025, the Court denied Rainbow's motion and granted Plaintiffs' motion, holding Rainbow and Willamette Valley Ag were jointly and

severally liable for Willamette Valley Ag's violations of the Oregon Contractor Registration Act. ECF No. 112. Thereafter, on June 11, 2025, the Court entered a Trial Management Order setting trial to begin on December 8, 2025, and pretrial conference on December 1, 2025. ECF No. 117.

On September 3, 2025, Plaintiff moved to amend the Operative Complaint, which the Court granted. ECF No. 133. The Third Amended Complaint added Setton Pistachio as an additional defendant for a single claim asserting the doctrine of "piercing the corporate veil," alleging that Setton Pistachio controlled Rainbow Orchards. 3d Am. Compl. ¶¶ 184–87. Although the Third Amended Complaint was allowed, the Court clarified that the equitable claims against Setton Pistachio would not be heard in conjunction with the December 8, 2025, trial against Rainbow Orchards. If Rainbow Orchards is held liable at trial in December, issues regarding Setton Pistachio's liability would be heard at a date agreeable to the parties in 2026.

The Court held a status conference on November 12, 2025, at which time Setton Pistachio requested that the Court continue the trial set to begin on December 8, 2025. ECF No. 152, 153.

## **DISCUSSION**

Given the extreme age of the case, now ongoing for over four years, Setton Pistachio's request to continue the upcoming trial is inappropriate. In addition, though Setton Pistachio refers to need to prepare to defend the claims at issue at trial (Status Conf. Tr. 15:1–10), the claims are based on simple facts concerning Rainbow Orchard's alleged failure to provide potable drinking water for workers as required by law. Rainbow Orchards is prepared to, and more than capable of, defending these relatively simple factual claims. Lastly, Setton Pistachio's potential liability rests on an equitable remedy (piercing the corporate veil), and the Court will give Setton Pistachio wide latitude to present any equitable defenses and arguments regarding equitable relief that Rainbow Orchards does not adequately defend. *See* ECF No. 133.

## CONCLUSION

As the Court decided at the status conference, and for the reasons set forth above, Setton Pistachio's request to continue the trial scheduled for December 8, 2025, is DENIED.

IT IS SO ORDERED.

DATED this 18th day of November, 2025.

/s/ Michael McShane
Michael McShane
United States District Judge
