IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MAXIMINO SANTIAGO, JULIANA VALENCIA, PAULINO CANDIDO, and MANUEL NIEVEZ, individuals, | Case No. 6:21-cv-01282-MC<br><br>FINDINGS OF FACT |
| Plaintiffs, | |
| v. | |
| FARM WEST LABOR CONTRACTING CO., an Oregon domestic business corporation, RAINBOW ORCHARDS VIII, LLC, an Oregon limited liability company, WILLAMETTE VALLEY AG SERVICES, LLC, an Oregon limited liability company, and SETTON PISTACHIO OF TERRA BELLA, INC., a foreign business corporation, | |
| Defendants. | |

_____

MCSHANE, Judge:

      Plaintiffs Maximino Santiago, Juliana Valencia, Paulino Candido, and Manuel Nievez (collectively, "Plaintiffs") bring this action against Farm West Labor Contracting Co., Rainbow Orchards VIII, LLC, Willamette Valley Ag Services, LLC, and Setton Pistachio of Terra Bella, Inc. 3d Am. Compl. ("TAC"), ECF No. 134. Plaintiffs bring claims under the Migrant and Seasonal Worker Protection Act ("AWPA") and various state laws. *Id.* ¶¶ 1–4. On December 8, 2025, the Court held a two-day bench trial. ECF No. 182, 183. Because default has been entered as to Farm West and Willamette Valley Ag (ECF No. 12, 69), at trial, Plaintiffs proceeded only

1 – FINDINGS OF FACT

against Rainbow. Pl.'s Trial Mem., ECF No. 150. A Third Amended Complaint added an equitable claim for piercing the corporate veil against Setton Pistachio. TAC ¶¶ 184–87. This claim was not considered at trial in order for the Court to first determine Rainbow's liability. ECF No. 133. Testimony at trial was primarily provided by the individual plaintiffs, an expert retained by Plaintiffs, Rainbow employee Mike Smith, and the farmwork supervisor on the days at issue, Raul Palominos.

The Court finds Plaintiffs' claims at trial fail. JUDGMENT for Defendants.

## **BACKGROUND**

In August 2020, Plaintiffs began working on a hazelnut farm owned by Rainbow and operated by Willamette Valley Ag in Aumsville, Oregon. Plaintiffs' work entailed cutting offshoots and pruning the young hazelnut trees on the property. Plaintiffs worked on the farm for three days on August 11, 12, and 13, 2020. On August 13, Plaintiffs left work early. Plaintiffs claim they were dismissed unexpectedly from what they anticipated to be multiple months of work because they had complained about working conditions that violated Oregon law. These complaints centered on lack of sanitary bathrooms and lack of clean drinking water, exacerbated by excessive heat. Rainbow disagrees. Rainbow contends the drinking water and the facilities at the farm were appropriate, sanitary, and safe, and that the weather conditions were nowhere near what Plaintiffs describe. Rainbow further contends Plaintiffs were hired to perform only a limited duration of work, and having completed that work, Plaintiffs' services were no longer needed past August 13.

This lawsuit followed. On May 9, 2025, the Court granted Plaintiffs' Motion for Partial Summary Judgment (ECF No. 88), finding Rainbow jointly and severally liable for Willamette Valley Ag's violation of Or. Rev. Stat. § 658.440(1)(g). ECF No. 112. The Court also denied

2 – FINDINGS OF FACT

Rainbow's Motion for Partial Summary Judgment (ECF No. 101).

On December 8 and 9, 2025, the Court held a bench trial on Plaintiffs' claims for retaliation under Or. Rev. Stat. § 659A.199 and the Oregon Safe Employment Act, Or. Rev. Stat. § 654.062(5), for violation of the Migrant & Seasonal Agricultural Workers Protection Act, 29 U.S.C. § 1832(c), and for multiple violations of the Oregon Contractor Registration Act, Or. Rev. Stat. §§ 658.440(1)(c), 658.440(1)(f), 658.440(2)(a). Pl.'s Post Trial Br., ECF No. 185.

## **FACTUAL FINDINGS**

Plaintiffs fail to prove their claims by a preponderance of the evidence. Although it is undisputed Plaintiffs left the work site early on August 13, conflicting testimony as to why they left cannot be clearly resolved in Plaintiffs' favor under a preponderance standard. When faced with, as here, a "he said she said" between the parties, the Court must weigh the credibility of the witnesses. In this case, the balance tips slightly in favor of the defense.

Plaintiffs' testimony trended toward extremes inconsistent with evidence and with common sense. Plaintiffs described extreme weather conditions not borne out by weather station data. They would have the Court believe the little water given to them came from a fetid pond. They claim to have been promised months of work despite Rainbow's hiring needs as reflected in payment records following August 13, 2020 indicating Rainbow had no such demand for such extended work. More significantly, Mr. Santiago's and Ms. Valencia's testimony regarding long-term non-economic damages they sustained appears inconsistent with the undisputed fact they found new work within a matter of days by making a single phone call.

The evidence adduced at trial leaves the question of Rainbow's liability on Plaintiffs' claims, at best, in equipoise. Accordingly, the Court cannot find it is more likely than not that Rainbow violated Oregon and Federal law as Plaintiffs claim.

3 – FINDINGS OF FACT

**CONCLUSION**

Because Plaintiffs fail to satisfy their burden, Plaintiffs' claims at trial under Or. Rev. Stat. § 659A.199, the Oregon Safe Employment Act, Or. Rev. Stat. § 654.062(5), the Migrant & Seasonal Agricultural Workers Protection Act, 29 U.S.C. § 1832(c), and the Oregon Contractor Registration Act, Or. Rev. Stat. §§ 658.440(1)(c), 658.440(1)(f), 658.440(2)(a), are DISMISSED.

The parties shall file a Proposed Judgment reflecting the status of the claims in the case.

IT IS SO ORDERED.

Dated this 30th day of January 2026.

                                                  /s/ Michael McShane
                                                  Michael McShane
                                                  United States District Judge